## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | | |
|---|---|---|
| **ANIBAL ORRICO** | : | CIVIL ACTION |
| | : | |
| And | : | No.: 22-03960 |
| | : | |
| **AVELINO HARBOR, LLC** | : | **JURY TRIAL OF TWELVE (12)** |
| | : | **JURORS DEMANDED.** |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **ABC CAPITAL INVESTMENTS, LLC** | : | |
| 305 N. 3rd Street | : | |
| Philadelphia, PA 19122 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC CAPITAL RE LTD.** | : | |
| 1218 N. Marshall Street | : | |
| Philadelphia, PA 19122 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC CAPITAL RE** | : | |
| 1218 N. Marshall Street | : | |
| Philadelphia, PA 19122 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC CAPITAL MIAMI LLC** | : | |
| 175 SW 7th Street, No. 2110 | : | |
| Miami, Florida 33130 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC CAPITAL BALTIMORE, LLC** | : | |
| 518 S. Conkling St., 4th Fl. | : | |
| Baltimore, MD 21224 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC MANAGEMENT –** | : | |
| **BALTIMORE, LLC** | : | |
| 100 International Drive, Fl. 23. | : | |

Baltimore, MD 21202                    :
                                       :
    AND                        :
                                       :
**ABC CAPITAL FINANCE, LLC**           :
1218 N. Marshall Street                :
Philadelphia, PA 19122                 :
                                       :
    AND                        :
                                       :
**ABC CAPITAL HOLDINGS, LLC**          :
1218 N. Marshall Street                :
Philadelphia, PA 19122                 :
                                       :
    AND                        :
                                       :
**ABC CAPITAL INCOME FUND, LLC**       :
1218 N. Marshall Street                :
Philadelphia, PA 19122                 :
                                       :
    AND                        :
                                       :
**ABC CAPITAL REALTY, LLC**            :
1218 N. Marshall Street                :
Philadelphia, PA 19122                 :
                                       :
    AND                        :
                                       :
**PHILLY METRO BUILDERS, LLC**         :
4235 Main Street                       :
Philadelphia, PA 19127                 :
                                       :
    AND                        :
                                       :
**IPP USA, LLC**                       :
1714 Memphis St., Ste. C-8             :
Philadelphia, PA 19125                 :
                                       :
    AND                        :
                                       :
**IPP-BALTIMORE, LLC**                 :
100 International Dr., 23rd Fl.         :
Baltimore, MD 21202                    :
                                       :
    AND                        :
                                       :

**AGL CAPITAL INVESTMENTS, LLC**              :
1218 North Marshall Street                    :
Philadelphia PA 19122                         :
                                              :
     AND             :
                                              :
**STATESIDE-PHILLY, LLC**                     :
C/O M. Burr Keim Co.                          :
2021 Arch St.                                 :
Philadelphia, PA 19103                        :
                                              :
     AND             :
                                              :
**477 MANAGEMENT, LLC**                       :
175 SW 7th Street, No. 1508                   :
Miami, Florida 33130                          :
                                              :
     AND             :
                                              :
**477 INTERNATIONAL REALTY, LLC**            :
175 SW 7th Street, No. 1508                   :
Miami, Florida 33130                          :
                                              :
     AND             :
                                              :
**RICARDO SCATTOLINI**                        :
175 SW 7th Street, No. 1508                   :
Miami, Florida 33130                          :
                                              :
     AND             :
                                              :
**JAY WALSH**                                 :
305 N. 3rd Street                             :
Philadelphia, PA 19122                        :
                                              :
     AND             :
                                              :
**AMIR VANA**                                 :
305 N. 3rd Street                             :
Philadelphia, PA 19122                        :
                                              :
     AND             :
                                              :
**YARON ZER**                                 :
305 N. 3rd Street                             :
Philadelphia, PA 19122                        :

3

|   |   |
|---|---|
|   | : |
| AND | : |
|   | : |
| **JOHN DOES 1-10** | : |
|   | : |
| Defendants. | : |

## <u>FIRST AMENDED COMPLAINT</u>

**I.    INTRODUCTION**

1.    Plaintiffs, Anibal Orrico and Avelino Harbor, LLC, bring this action against a variety of businesses and individuals that, in conjunction with one another, operated as a corrupt organization under the Racketeer Influenced and Corrupt Organizations Act in a sophisticated ponzi scheme.

2.    The RICO Enterprise marketed itself, particularly to foreign investors who spoke English as a second language, as a "one-stop", "hands-off" solution to invest in "income-producing properties", i.e. rental properties. The RICO Enterprise represented to potential investors that the RICO Enterprise would establish an investment vehicle, i.e. a limited liability company, through which the investor would purchase a set number of properties, located in Miami, Baltimore, and/or Philadelphia.

3.    The RICO Enterprise represented to investors that in exchange for the amount paid for each rental property, the investor would receive a fully-renovated, rental property that would be exclusively managed by the RICO Enterprise.

4.    In fact, the RICO Enterprise guaranteed the rental income for the first twelve months of ownership and even offered a "rental assurance" package that would be purchased annually to guarantee rental income in subsequent years.

5.      Plaintiff, Anibal Orrico, by and through Plaintiff, Avelino Harbor, LLC, entered into multiple false and misleading agreements with the RICO Enterprise regarding the RICO Enterprises' guarantee to provide Plaintiffs with a fixed return on their investments. Specifically, Plaintiff, Anibal Orrico, by and through Plaintiff, Avelino Harbor, LLC, invested approximately $402,000 through the RICO Enterprise for the purchase and renovation of four properties in 2019.

6.      However, at no time did the RICO Enterprise intend to perform the contractual obligations that the RICO Enterprises represented to Plaintiffs.

7.      Instead, the RICO Enterprise used new investors' funds to make limited distributions to prior investors to reinforce the false narrative that the RICO Enterprises' investment scheme was sound. In reality, the RICO Enterprise operated a typical Ponzi scheme by utilizing new investor's funds to distribute to pre-existing investors owed a guaranteed fixed return, i.e. the guaranteed rental income.

8.      The RICO Enterprise preyed on foreign investors who did not speak English or spoke English as a second language and were unfamiliar with the procedure to purchase real estate in the United States.

9.      As a result of the RICO Enterprises' false and misleading statements, Plaintiffs and numerous other individuals acquired investment properties with the intention of receiving passive income, but were instead left with properties that were not renovated, mired with expenses including prior unpaid taxes, city fines and costs, as well as squatters.

10.     Here, the RICO Enterprise only transferred three of the four properties to Plaintiffs and failed to return the $83,000 paid for the fourth property.

11.     Further, the RICO Enterprise utterly failed to renovate the three properties received by Plaintiff and absconded with approximately $175,500 paid for such renovations.

12.     Finally, the RICO Enterprise only paid the guaranteed rental payments for a period of six months and failed to perform any management of the properties.

13.     Plaintiffs bring the RICO claim, as well as a number of state law claims, for the fraudulent and deceptive conduct of the RICO Enterprise that has severally harmed Plaintiffs.

## II.     JURISDICTION & VENUE

14.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

15.     This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question, as well as pursuant to 18 U.S.C. §§ 1961-1968 for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") as Defendants have, directly and/or indirectly, made use of the means and/or instrumentalities of interstate commerce in connection with the transactions, acts, practices and courses of business alleged herein.

16.     This Honorable Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

17.     Venue is proper in this District as (i) certain real property that is the subject of the transactions, acts, practices and courses of business alleged herein is situated within this District; (ii) one or more defendants reside within this District; and (iii) one or more of the transactions, acts, practices and courses of business alleged herein occurred within this District.

18.     All Defendants performed substantial business within this District, as described herein, thereby knowingly subjecting themselves to the jurisdiction of this Honorable Court.

## III.     PARTIES

19.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

20.     Plaintiff, Anibal Orrico, is an adult individual who may be contacted through undersigned counsel.

21.     Plaintiff, Avelino Harbor, LLC, is a limited liability company existing by virtue of and operating under the laws of the State of Delaware and who may be contacted through undersigned counsel. At all material times, Mr. Orrico is the sole owner of Plaintiff, Avelino Harbor, LLC.

22.     Defendant, ABC Capital Investments, LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

23.     Defendant, ABC Capital RE LTD is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

24.     Defendant, ABC Capital RE is, upon information and belief, a limited liability company with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

25.     Defendant, ABC Capital Miami, LLC is a limited liability company existing by virtue of and operating under the laws of the State of Florida, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

26.     Defendant, ABC Capital Baltimore, LLC is a limited liability company existing by virtue of and operating under the laws of the State of Maryland, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

27.     Defendant, ABC Management - Baltimore, LLC is a limited liability company existing by virtue of and operating under the laws of the State of Maryland, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

28.     Defendant, ABC Capital Finance, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

29.     Defendant, ABC Capital Holdings, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

30.     Defendant, ABC Capital Income Fund, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

31.     Defendant, ABC Capital Realty, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

32.     Defendant, Philly Metro Builders, LLC, formerly known and registered as Home Cash 1031, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

33.     Defendant, IPP-Baltimore, LLC is a limited liability company existing by virtue of and operating under the laws of the State of Maryland, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

34.    Defendant, IPP USA, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

35.    Defendant, AGL Capital Investments, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

36.    Defendant, Stateside-Philly, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

37.    Defendant, 477 Management, LLC, is a limited liability company existing by virtue of and operating under the laws of the State of Florida, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

38.    Defendant, 477 International Realty, LLC, is a limited liability company existing by virtue of and operating under the laws of the State of Florida, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

39.    Defendant, Jay Walsh is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. As Defendant, Jay Walsh was the "Co-Founder" of Defendant, ABC Capital Investments, LLC, the original "ABC" entity, it is believed and therefore averred that Defendant, Jay Walsh is personally knowledgeable of the "pattern of racketeering activities" described herein.

40.    Defendant, Amir Vana is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. As Defendant, Amir Vana was the

"Co-Founder" of Defendant, ABC Capital Investments, LLC, the original "ABC" entity, it is believed and therefore averred that Defendant, Amir Vana is personally knowledgeable of the "pattern of racketeering activities" described herein.

41.    Defendant, Yaron Zer is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. As Defendant, Yaron Zer was the "Co-Founder" of Defendant, ABC Capital Investments, LLC, the original "ABC" entity, it is believed and therefore averred that Defendant, Yaron Zer is personally knowledgeable of the "pattern of racketeering activities" described herein.

42.    Defendant, Ricardo Scattolini is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. Defendant, Ricardo Scattolini is an employee of Defendant, ABC Capital Miami, LLC, specifically the Vice Present of Sales and Operations, and an agent of the RICO Enterprise and is named herein due to his personal involvement in fraudulent, deceptive, and/or corrupt representations to and communications with Plaintiffs.

43.    Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, employees, affiliates, and/or co-conspirators of Co-Defendant(s) and/or members of the RICO Enterprise, liable to Plaintiffs hereunder.

44.    The term "RICO Enterprise" herein will refer collectively to Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC

Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC

Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, Philly

Metro Builders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, AGL Capital Investments, LLC,

Stateside-Philly, LLC, 477 Management, LLC, 477 International Realty, LLC, as well as

Individual-Defendants, Ricardo Scattolini, Jay Walsh, Amir Vana, Yaron Zer, and John Does 1-

10.

## IV.   OPERATIVE FACTS

45.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

### THE INITIAL REPRESENTATIONS

46.     In or around 2019, Plaintiff, Orrico, learned of a guaranteed investment opportunity from

Defendant, Ricardo Scattolini through Defendant, ABC Capital Miami, LLC involving "Income

Producing Properties" in which Defendant, ABC Capital Miami, LLC would provide guaranteed

annual returns on investments in excess of nine percent (9%) per year for the first year - initially

through receipt of a series of email communications and advertisements.

47.     Plaintiff, Orrico engaged in communications with Defendant, Ricardo Scattolini

concerning the guaranteed investment opportunity, despite knowledge of the ponzi-scheme.

48.     Defendant, Ricardo Scattolini fraudulently represented to Plaintiff, Orrico that ABC

Capital Miami, LLC was a "one-stop shop" for a guaranteed investment opportunity through

"income-producing properties", i.e. rental properties.

49.     Defendant, Ricardo Scattolini fraudulently represented to Plaintiff, Orrico that the ABC

Capital Miami, LLC had perfected a process in which it:

      a.   would create a new entity to hold the investment properties;

   b.  would select and coordinate the purchase of a to-be-agreed-upon number of
       properties for the newly created entity;

   c.  coordinate a full renovation of the properties, including roofing, plumbing,
       electrical, with new appliances, including water heater and boiler or other heating
       unit – all to be completed within sixty days of settlement on each property; and,

   d.  manage all aspects of the Property, including rental, maintenance, taxes, and
       compliance with all applicable laws, regulations, and ordinances.

50.    Defendant, Ricardo Scattolini fraudulently represented that ABC Capital Miami, LLC
guaranteed a return on investment in excess of nine percent per year.

51.    Despite his position with Defendant, ABC Capital Miami, LLC, Defendant, Ricardo
Scattolini corresponded with Plaintiff, Facundo Rainon via his email address with Defendant,
477 International Realty, LLC in an effort to distance himself from future liability should the
RICO Enterprise's ponzi-scheme collapse.

52.    Plaintiffs reasonably and justifiably depended upon the representations from Defendant,
Ricardo Scattolini in deciding to invest funds, as well as the representations that Plaintiffs
viewed on the ABC websites.

53.    It is believed and therefore averred that Defendant, Ricardo Scattolini knew that the
aforementioned representations were false and that the RICO Enterprise never intended to
perform its contractual obligations.

54.    It is believed and therefore averred that at the time Defendant, Ricardo Scattolini
recruited Plaintiffs to be victims of the RICO Enterprise and made the aforementioned
representations, Defendant, Ricardo Scattolini knew that the ponzi-scheme was collapsing.

55.    The RICO Enterprise systematically settled disputes with their victims to prevent litigation and resulting public disclosure of their ponzi-scheme, as well as to cycle properties for sale to new victims.

56.    The RICO Enterprise's standard settlement agreement did not provide for actual payments to the settling victim, but instead promised the proceeds from the sale of the settling victim's properties with the sale being effectuated by the RICO Enterprise and the properties being sold to new victims.

57.    However, the RICO Enterprise's standard settlement agreement included confidentiality, non-disparagement, and liability release terms, as well as a mirage of terms surrounding the resale of investor's properties such that following the sale, the investors were left with little to no compensation (i.e. little to no proceeds received from the sale), no recourse, and no ability to warn the general public.

58.    However, the RICO Enterprise's scheme to silence their victims began to fail in 2019.

59.    On or about December 24, 2019, thirty-three parties initiated litigation, with claims including RICO and violations of the Securities Act of 1933, Securities Exchange Act of 1934, and the Investment Advisers Act of 1940 against, *inter alia,* ABC Capital Investments, LLC. *See Alphabet Philly, LLC, et al v. ABC Capital Investments, LLC, eet al* (EDPA No. 19-6116) (the "Alphabet Litigation").

60.    It is believed and therefore averred that Defendant, Ricardo Scattolini was aware of the Alphabet Litigation and the truthfulness of the allegations therein.

### THE RICO ENTERPRISE & SELECT WEBSITES

61.    Defendant, ABC Capital Miami, LLC currently maintains a website at www.abccapitalmiami.com, which, as of March 18, 2021,  describes it's "Product" as follows:

## IPP

### *IPP / Income Producing Properties*

IPP are high performing properties in growing markets with great potential due to the high occupancy rate and demand for rentals, the increase in property prices and the low property taxes.

The ABC Capital team analyzes the potential of each property in detail. Once acquired and stabilized, we proceed to the complete remodeling and lease to then offer them to our clients.

In this way, each property is prepared, individually or in groups, as IPP.

The administration of the properties includes maintenance, sending income for rent and reports to our clients offering a comprehensive solution for foreign investors.

*See* Exhibit A, Pages 1-2.

62.    Defendant, ABC Capital Miami, LLC's website, as of March 18, 2021, represents on its website that it has "designed a process that allows us to develop a high performance [sic] product", describing that "process" as follows:

    1. SEARCH AND PURCHASE - We do an extensive search and analysis to define the best available properties and acquire them with great benefits.

    2. REHABILITATION PROGRAM - A detailed and full remodeling process, completed by professionals. This process includes: structural adjustments/improvements, electrical and plumbing systems, drywall, kitchen and more.

    3. LEASE PROGRAM - Once the property is remodeled, we proceed to lease it, ensuring returns above 9% per year.

    4. PROPERTY ADMINISTRATION - We take care of the administration including the following: – Receive the rent[,] – Pay expenses[,] – Monitor repairs[,] – Send a monthly account statement.

    5. PROPERTY SALE - At this point, the property enters our system, is listed in our sales inventory and offered to investors as a stable option for their portfolio.

*See* Exhibit A, Page 3.

63.    Defendant, ABC Capital Miami, LLC is an affiliate of the original ABC entity, Defendant, ABC Capital Investments, LLC. Defendant, ABC Capital Investments, LLC was founded by Defendants, Jay Walsh, Amir Vana, and Yaron Zer in or around March 2011.

64.     Over the following decade, Defendant, ABC Capital Investments, LLC, at the direction

of, *inter alia,* Defendants, Jay Walsh, Amir Vana, and Yaron Zer, created a network of ABC

affiliates that work in conjunction with each other in the Miami, Baltimore, and Philadelphia

markets, including, but not limited to:

> a.  Defendant, ABC Capital RE LTD, which, upon information and belief, focuses of
>     the purchase, sale, and management of real estate in the greater Philadelphia area;
>
> b.  Defendant, ABC Capital - Baltimore, LLC, which, upon information and belief,
>     focuses of the purchase and sale of real estate in the greater Baltimore area;
>
> c.  Defendant, ABC Capital Miami, LLC, which, upon information and belief,
>     focuses of the purchase and sale of real estate in the greater Miami area;
>
> d.  Defendant, ABC Management – Baltimore, LLC, which, upon information and
>     belief, focuses of the renovation and management of real estate in the greater
>     Baltimore area; and,
>
> e.  Defendant, Philly Metro Builders, LLC, which, upon information and belief,
>     focuses of the renovation of real estate in the greater Philadelphia area.

65.     It is believed and therefore averred that Defendants, ABC Capital Finance, LLC, ABC

Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, ABC

Capital RE, AGL Capital Investments, LLC, IPP-Baltimore, LLC, IP USA, LLC and Stateside-

Philly, LLC, are all additional members of RICO Enterprise that serve "back-office", rather than

client-facing, aspects of the RICO Enterprise.

66.     Defendant, ABC Capital RE, LTD currently maintains a website at

www.abccapitalinvestments.com, which, as of March 18, 2021, represents to prospective clients

that:

> ABC Capital RE, LTD offers a totally passive way to hold Real Estate. No physical or administrative involvement is required from our clients. By working with ABC, you retain legal control through your own entity or in your personal name but we handle the rest of your affairs if you wish. Everything regarding your property is cared for by ABC Capital RE, LTD."

*See* Exhibit B, Page 1

67.    Defendant, ABC Capital RE, LTD's website, as of March 18, 2021, further explains on its "About ABC Capital" page that:

> ABC Capital RE, LTD is a one-stop shop for overseas and US real estate clients. We locate, renovate, and manage properties for hands off international/national clients.  You do not have the risk of buying securities but instead your real estate properties remain in your own separate legal entity. ABC has presented our unique value proposition all over the world including cities and countries such as London, Singapore, Tel Aviv, Monaco, and New York. Our rental properties are cash-flow producing in the Philadelphia residential markets.

*See* Exhibit B, Page 4.

68.    Defendant, ABC Capital RE, LTD's website, as of March 18, 2021, represents how it works:

> 1. Choose your income property – ABC researches and locates the best rental properties to compliment our investor's needs and portfolio. Our clients just need to select a property from our stock. Normal range for our properties is from $25,000 to $50,000.
>
> 2. We renovate it for you – The ABC Capital RE, LTD team will renovate your property in a maximum of 120 days. Our team has renovated and developed over 1,000  properties. You will receive a finished product with no effort on your part. The normal cost of our renovations range from $35,000 to $100,000. The cost of renovation is guaranteed by ABC Capital RE, LTD.
>
> 3. Start receiving your rental income – You will receive your first monthly payment never later than 121 days after your purchase and every 30 days thereafter via electronic funds transfers.  First year rent income is guaranteed and starting the second year you may be able to get rent insurance if you so choose. Return on Investments are 14%+ yearly, in addition to property appreciation.

*See* Exhibit B, Page 2.

69.     Defendant, ABC Capital RE, LTD's current website, as of March 18, 2021, further

represents to prospective clients the following "Highlights":

> Home Warranty – We fully renovate the properties, including a new roof with a
> 15-year warranty, but clients also receive a 1-year home warranty (from June
> 2016, it will only be 6 months) that covers your property for all damages and
> repairs needed within the first year of your purchase. No maintenance expenses
> during the first year!
>
> Rent Protect – ABC Capital ensures that your monthly payment is delivered to
> you without fail. Yes, a guarantee that payments are made to you for the first year
> after purchase. You may choose to pay for that insurance (if available ) in the 2nd
> and succeeding years.
>
> Electronic Monthly Payments  – Every month, your Return On Investment is sent
> to you via electronic funds transfer. Just provide us with the proper wiring
> instructions and your payments are sent automatically.

*See* Exhibit B, Page 2.

70.      Defendant, ABC Capital RE, LTD's website, as of March 18, 2021, also explained its

"Full Renovations" to prospective clients, stating:

>  After you purchase a property from our catalog, our sister company, Philly Metro
> Builders will conduct a FULL renovation. This includes new boiler and new
> roofing (15 years warranty), so the property will have very little or no
> maintenance during the next years. The full renovation is conducted in less than
> 90 days after the purchase of your home.

*See* Exhibit B, Page 3.

71.     In or around Summer 2019, Defendant, Jay Walsh reiterated the foregoing

representations to Plaintiffs.

72.     Plaintiffs reasonably and justifiably depended upon the representations from Defendants,

Ricardo Scattolini and Jason "Jay" Walsh, as well as the representations Plaintiffs viewed on the

aforementioned websites in deciding to invest funds with Defendants.

73.     However, one or more members of the RICO Enterprise, believed to include, but not be

limited to, Defendants, Jay Walsh, Ricardo Scattolini, Florencia Melendez, Amir Vana, and

17

Yaron Zer, knew and intended for the foregoing properties to *not* be renovated and instead knowingly directed the RICO Enterprise to use the rehabilitation sums to pay prior investors the guaranteed rental income payments and/or settlement payments. The RICO Enterprise maintained its front as a successful real estate investment firm through a ponzi-like scheme or practice.

74.     The RICO Enterprise was able to perpetuate their ponzi-scheme, in part, because the registered addresses of the entities it formed on behalf of their victims were at properties controlled, owned, or managed by the members of the RICO Enterprise.

75.     Based upon this control, the RICO Enterprise was able to continue the perpetuation of their fraudulent schemes as their victims never received the various correspondences from local governments regarding the various issues at the properties.

76.     In addition to controlling the registered offices of the entities it formed on behalf of their victims, the RICO Enterprise also owned, managed, or controlled the related parties responsible for property management and renovations as described *supra*.

77.     By controlling the related entities responsible for the repairs of the properties and using new victim's investments to repay prior victims' guaranteed rental income, the RICO Enterprise was able to disguise the course of the funds and the status of the properties capacity to collect rental income.

78.     It is believed and therefore averred that the pool of new investors was running dry by March 2020 due to the Alphabet Litigation being filed on or about December 24, 2019 (EDPA No. 19-6116).

## THE INVESTMENTS

79.     In or around Summer and early Fall 2019, Defendants, Jay Walsh and Ricardo Scattolini, believed with the assistance of other individuals, worked with Plaintiff, Anibal Orrico to establish an initial investment vehicle for Plaintiffs' investment in ABC Capital's "Product", i.e. the creation of Avelino Harbor, LLC.

80.     Defendants, Jay Walsh and Ricardo Scattolini, believed with the assistance of other unknown individuals, selected properties in Baltimore, MD and Philadelphia, PA for Plaintiff, Avelino Harbor LLC to purchase.

81.     After multiple discussions with Defendants, Jay Walsh and Ricardo Scattolini, among others on their behalf, Plaintiffs decided to purchase the following four properties from Defendants as an investment in ABC Capital's "Product":

> a.   3831 Brooklyn Avenue, Baltimore, MD 21225;
>
> b.   3575 Dudley Avenue, Baltimore, MD 21213;
>
> c.   5327 Malcom Street, Philadelphia, PA 19143; and,
>
> d.   2608 Jefferson Street, Baltimore, MD 21205.

82.     At the direction of Defendants, Jay Walsh and Ricardo Scattolini, Plaintiffs made the following payments for the purchase and renovation of the foregoing properties:

> a.   $44,700 on or about August 12, 2019 to Defendant, ABC Management Baltimore via check;
>
> b.   $26,000 on or about August 12, 2019 to Defendant, ABC Management Baltimore via cash payment;
>
> c.   $38,115 on or about August 13, 2019 to Defendant, ABC Management Baltimore via check;

d. $41,157 on or about August 30, 2019 to Defendant, ABC Management Baltimore via check;

e. $10,000 on or about September 24, 2019 to Defendant, ABC Management Baltimore via wire transfer;

f. $10,000 on or about September 25, 2019 to Defendant, ABC Management Baltimore via wire transfer;

g. $10,000 on or about September 25, 2019 to Defendant, ABC Management Baltimore via wire transfer;

h. $125,500 on or about September 26, 2019 to Defendant, ABC Capital RE LTD via wire transfer;

i. $9,380 on or about September 26, 2019 to Non-Party, Masters Title and Escrow via wire transfer; and,

j. $88,060 on or about September 26, 2019 to Non-Party, Assurance Abstract Corp via wire transfer.

**3831 Brooklyn Avenue**
**Baltimore, MD 21225**

83.    On or about September 18, 2019, Plaintiff, Avelino Harbor LLC entered into a Real Estate Contract of Sale to purchase the real property located at and known as 3831 Brooklyn Avenue, Baltimore, MD 21225 (the "Brooklyn Property") from Defendant, ABC Capital Baltimore, LLC for $30,000. *See* Exhibit C.

84.    An addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Capital Baltimore, LLC also contractually agreed to, *inter alia*, the following terms:

a. Property is warrantied for 12 months. Client will have NO maintenance at all for 12 months.

b.  Roof is warranties [sic] for 12 years.

c.  Rents are guaranteed for $1300 [sic] per month for 1 year.

d.  Buyer will pay 10% for Property Management for Year One.

*See* Exhibit C, Page 6.

85.     As an additional addendum to the aforementioned Real Estate Contract of Sale,

Defendant, ABC Management - Baltimore, LLC contractually agreed to renovate the entire

Brooklyn Property at a cost of $66,000, including*, inter alia,* (i) new electric; (ii) new plumbing;

(iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit

C, Page 7.

86.     On or about September 18, 2019, Plaintiff, Avelino Harbor LLC also entered into a

Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning

the Brooklyn Property. *See* Exhibit D.

87.     However, per the HUD-1 Settlement Statement, the seller was in fact Non-Party, ABC

Horizons LLC, not Defendant, ABC Capital Baltimore, LLC as contracted. *See* Exhibit E.

88.     Further, per the HUD-1 Settlement Statement, Defendant, ABC Capital Miami, LLC was

paid a commission of $9,600 while Defendant, 477 International Realty, LLC was paid a

commission of $7,500. *See* Exhibit E.

89.     Despite the contractual guarantee of rental payments for a period of twelve months,

Plaintiffs only received rental payments of $1,170 for six (6) months.

90.     Further, despite paying $66,000 to Defendant, ABC Management - Baltimore, LLC for

the full renovation of the Brooklyn Property, Defendants failed to make *any* renovations or

repairs to the Brooklyn Property.

91.    The Brooklyn Property remains in a state of complete disrepair, in uninhabitable, and remains unoccupied.

**3575 Dudley Avenue**
**Baltimore, MD 21213**

92.    On or about July 29, 2019, Plaintiff, Avelino Harbor LLC entered into a Real Estate Contract of Sale to purchase the real property located at and known as 3575 Dudley Avenue, Baltimore, MD 21213 (the "Dudley Property") from Defendant, ABC Capital Baltimore, LLC for $55,000. *See* Exhibit F.

93.    An addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Capital Baltimore, LLC also contractually agreed to, *inter alia*, the following terms:

      a.  Property is warrantied for 12 months. Client will have NO maintenance at all for 12 months.

      b.  Roof is warranties [sic] for 12 years.

      c.  Rents are guaranteed for $1200 [sic] per month for 1 year.

      d.  Buyer will pay 10% for Property Management for Year One.

*See* Exhibit F, Page 6.

94.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management - Baltimore, LLC contractually agreed to renovate the entire Dudley Property at a cost of $28,000, including*, inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit F, Page 7.

95.    On or about July 23, 2019, Plaintiff, Avelino Harbor LLC also entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the Dudley Property. *See* Exhibit G.

22

96.     However, Defendants fail to effectuate the transfer of the Dudley Property to Plaintiffs. *See* Exhibit H.

97.     In fact, the Dudley Property was not owned by any Defendants at the time of the foregoing purported transaction. *See* Exhibit H.

98.     As of July 2019, the Dudley Property was owned by Non-Party, USA Regrowth Fund, LLC. *See* Exhibit H.

99.     Nonetheless, in an effort to conceal the foregoing, Defendants provided Plaintiffs six months of rental payments.

100.    Defendants never returned the $83,000 paid for the purchase and renovation of the Dudley Property.

**5327 Malcolm Street**
**Philadelphia, PA 19143**

101.    On or about September 12, 2019, Plaintiff, Avelino Harbor LLC entered into a Real Estate Contract of Sale to purchase the real property located at and known as 5327 Malcom Street, Philadelphia, PA 19143 (the "Malcolm Property") from Defendant, ABC Capital LTD for $60,000. *See* Exhibit I.

102.    An addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Capital LTD also contractually agreed to, *inter alia*, the following terms:

     a.   Property is warrantied for 12 months. Client will have NO maintenance at all for 12 months.

     b.   Roof is warranties [sic] for 12 years.

     c.   Rents are guaranteed for $1200 [sic] per month for 1 year.

     d.   Buyer will pay 10% for Property Management for Year One.

*See* Exhibit I, Page 6.

103.    Further, Defendant, ABC Capital LTD contractually agreed to renovate the entire

Malcolm Property at a cost of $55,000, including, *inter alia,* (i) new electric; (ii) new plumbing;

(iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater.

104.    On or about September 18, 2019, Plaintiff, Avelino Harbor LLC also entered into a

Property Management Contract with Defendant, ABC Capital Realty, LLC concerning the

Malcolm Property. *See* Exhibit J.

105.    However, per the HUD-1 Settlement Statement, the seller was in fact Non-Party, Blancas

Toys LLC, not Defendant, ABC Capital LTD as contracted. *See* Exhibit K.

106.    Further, per the HUD-1 Settlement Statement, Defendant, ABC Capital Miami, LLC was

paid a commission of $11,300 and a processing fee of $499. *See* Exhibit K.

107.    Despite the contractual guarantee of rental payments for a period of twelve months,

Plaintiffs only received rental payments of $1,080 for a period of six (6) months.

108.    Further, despite paying $38,000 to Defendant, ABC Capital LTD for the full renovation

of the Malcolm Property, Defendants failed to make *any* renovations or repairs to the Malcolm

Property.

109.    The Malcolm Property remains in a state of complete disrepair, in uninhabitable, and

remains unoccupied.

110.    In order to stem the losses being incurred, Plaintiffs sold the Malcolm Property for a

gross amount of $80,000, receiving approximately $55,000 net.

**2608 Jefferson Street**
**Baltimore, MD 21205**

111.    On or about October 15, 2019, Plaintiff, Avelino Harbor LLC entered into a Real Estate

Contract of Sale to purchase the real property located at and known as 2608 Jefferson Street,

Baltimore, MD 21205 (the "Jefferson Property") from Defendant, ABC Capital Baltimore, LLC for $53,500. *See* Exhibit L.

112.    An addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Capital Baltimore, LLC also contractually agreed to, *inter alia*, the following terms:

      a.    Property is warrantied for 12 months. Client will have NO maintenance at all for 12 months.

      b.    Roof is warranties [sic] for 12 years.

      c.    Rents are guaranteed for $1300 [sic] per month for 1 year.

      d.    Buyer will pay 10% for Property Management for Year One.

*See* Exhibit L, Page 6.

113.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management - Baltimore, LLC contractually agreed to renovate the entire Jefferson Property at a cost of $38,000, including, *inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit L, Page 8.

114.    On or about October 15, 2019, Plaintiff, Avelino Harbor LLC also entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the Jefferson Property. *See* Exhibit M.

115.    However, per the HUD-1 Settlement Statement, the seller was in fact Non-Party, AFNA DZ, LLC, not Defendant, ABC Capital Baltimore, LLC as contracted. *See* Exhibit N.

116.    Further, per the HUD-1 Settlement Statement, Defendant, ABC Capital Miami, LLC was paid a commission of $9,150 while $1,500 was also paid to an unidentified party for consulting fees. *See* Exhibit N.

117.    Further, $10,310.47 was paid to a "Director of Finance". *See* Exhibit N.

118.    Despite the contractual guarantee of rental payments for a period of twelve months, Plaintiffs only received rental payments of $1,170 for a period of six (6) months.

119.    Further, despite paying $38,000 to Defendant, ABC Management - Baltimore, LLC for the full renovation of the Jefferson Property, Defendants failed to make *any* renovations or repairs to the Jefferson Property.

120.    The Jefferson Property remains in a state of complete disrepair, in uninhabitable, and remains unoccupied.

## POST TRANSACTION MISREPRESENTATIONS

121.    Defendant, Ricardo Scattolini continued to spearhead the communications with Plaintiffs regarding the "management" of the properties following Plaintiffs' purchases of the properties.

122.    Defendant, Ricardo Scattolini fraudulently communicated a false narrative to Plaintiffs regarding the management of the properties, including false representations concerning the condition of the properties, the status of the renovations of the properties, and the rental of the properties.

**V.    CAUSES OF ACTION**

### COUNT I
**Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO")**
*Plaintiffs v. Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, Philly Metro Builders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, AGL Capital Investments, LLC, Stateside-Philly, LLC, 477 Management, LLC, 477 International Realty, LLC, as well as Individual-Defendants, Ricardo Scattolini, Jay Walsh, Amir Vana, Yaron Zer, and John Does 1-10*

123.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

124.    Plaintiffs, Dr. Jose Michan-Levy and Lifelight Group LLC are "persons" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(3).

125.    Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, Philly Metro Builders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, AGL Capital Investments, LLC, Stateside-Philly, LLC, 477 Management, LLC, 477 International Realty, LLC, as well as Individual-Defendants, Ricardo Scattolini, Jay Walsh, Amir Vana, Yaron Zer, and John Does 1-10 are "persons" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(3).

126.    Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, Philly Metro Builders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, AGL Capital Investments, LLC, Stateside-Philly, LLC, 477 Management, LLC, 477 International Realty, LLC, as well as Individual-Defendants, Ricardo Scattolini, Jay Walsh, Amir Vana, Yaron Zer, and John Does 1-10 constitute an "enterprise" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(4).

127.    Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, Philly Metro Builders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, AGL Capital Investments, LLC, Stateside-Philly, LLC, 477 Management, LLC, 477

International Realty, LLC, as well as Individual-Defendants, Ricardo Scattolini, Jay Walsh, Amir

Vana, Yaron Zer, and John Does 1-10  acted together to form an association-in-fact for the

common and continuing purpose to defraud persons", including but not limited to Plaintiffs,

through a ponzi-like scheme surrounding "income producing properties" as described in detail

herein.

128.    Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE,

ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC,

ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC,

ABC Capital Realty, LLC, Philly Metro Builders, LLC, IPP USA, LLC, IPP-Baltimore, LLC,

AGL Capital Investments, LLC, Stateside-Philly, LLC, 477 Management, LLC, 477

International Realty, LLC, as well as Individual-Defendants, Ricardo Scattolini, Jay Walsh, Amir

Vana, Yaron Zer, and John Does 1-10 formed an enterprise and association-in-fact with an

ascertainable authority structure that was separate and distinct from any formal corporate

structure, i.e. the RICO Enterprise.

129.    The RICO Enterprise, knowingly, fraudulently, deceptively, and unlawfully engaged in

the affairs of the RICO Enterprise through a "pattern of racketeering activities", that is believed

to be ongoing, as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(1).

130.    The RICO Enterprise engaged in a pattern of indictable conduct, including conduct

indictable under 18 U.S.C. 1341 (relating to mail fraud), 18 U.S.C. 1343 (relating to wire fraud),

- - via the use of fraudulent emailed communications and advertisements to obtain and deceive

victims, as well as wire transfers to obtain the victim's funds in a fraudulent matter - and 18

U.S.C. 1952 (relating to racketeering) – through the ponzi-like use of incoming investors funds

to pay prior investors falsely-characterized "guaranteed rent" payments – in that the RICO

Enterprise made use of the facilities of interstate commerce in furtherance of its ponzi-like scheme to defraud individuals, including, but not limited to, Plaintiffs herein as well as the thirty-three plaintiffs in *American Hypnotherapy Society, LLC, et al. v. ABC Capital Investments, LLC, et al* (EDPA No. 19-6116); two plaintiffs in *Dr. Jose Michan-Levy, et al v. ABC Capital Investments, LLC, et al* (EDPA 21-01917); two plaintiffs in *Shlomy Erba, et al v. ABC Capital RE, LTD., et al* (EDPA 22-03188); one plaintiff in *Nova Home Group, LLC v. ABC Capital Investments, LLC, et al* (EDPA 22-04377); three plaintiffs in *Ricardo Oved, et al v. ABC Capital Investments, LLC, et al* (EDPA 22-04345); three plaintiffs in *Javier Opocynski, et al v. ABC Capital Investments, LLC, et al* (EDPA 22-04368); four plaintiffs in *Dr. Javier Rossi, et al. v. ABC Capital Investments, LLC, et al* (EDPA 23-00260); three plaintiffs in *Gustavo Marquez, et al. v. ABC Capital Investments, LLC, et al* (EDPA 23-00606); four plaintiffs in *Walter Gomez, et al v. ABC Capital Investments, LLC, et al* (EDPA No. 23-00048); and, two plaintiffs in *Facundo Rainone, et al v. ABC Capital Investments, LLC, et al* (EDPA 23-00446).

131.    The members of the RICO Enterprise each committed at least two acts or otherwise aided and abetted such acts.

132.    The members of the RICO Enterprise acted with the specific intent to engage in the substantive RICO violations.

133.    The predicate acts were not isolated, but rather the acts of the Defendants were related in that they had the same or similar purpose and result, participants, victims, and method of commission.

134.    This pattern of racketeering activities is further supported by the predicate acts set forth by the thirty-three plaintiffs in *American Hypnotherapy Society, LLC, et al. v. ABC Capital Investments, LLC, et al* (EDPA No. 19-6116); two plaintiffs in *Dr. Jose Michan-Levy, et al v.*

*ABC Capital Investments, LLC, et al* (EDPA 21-01917); two plaintiffs in *Shlomy Erba, et al v. ABC Capital RE, LTD., et al* (EDPA 22-03188); one plaintiff in *Nova Home Group, LLC v. ABC Capital Investments, LLC, et al* (EDPA 22-04377); three plaintiffs in *Ricardo Oved, et al v. ABC Capital Investments, LLC, et al* (EDPA 22-04345); three plaintiffs in *Javier Opocynski, et al v. ABC Capital Investments, LLC, et al* (EDPA 22-04368); four plaintiffs in *Dr. Javier Rossi, et al. v. ABC Capital Investments, LLC, et al* (EDPA 23-00260); three plaintiffs in *Gustavo Marquez, et al. v. ABC Capital Investments, LLC, et al* (EDPA 23-00606); four plaintiffs in *Walter Gomez, et al v. ABC Capital Investments, LLC, et al* (EDPA No. 23-00048); and, two plaintiffs in *Facundo Rainone, et al v. ABC Capital Investments, LLC, et al* (EDPA 23-00446).

135.    The members of the RICO Enterprise committed acts constituted indictable offenses under 18 U.S.C. 1343 (relating to wire fraud) and 18 U.S.C. 1952 (relating to racketeering) in that they devised or intended to devise a scheme to defraud their victim-clients, including Plaintiffs, to obtain money from their victim-clients by means of false or fraudulent pretenses, representations, or promises.

136.    For purposes of executing their scheme, the members of the RICO Enterprise caused delivery of various documents by means of wire communication in interstate and foreign commerce.

137.    The members of the RICO Enterprise committed the predicate acts intentionally and knowingly with the specific intent to advance the RICO Enterprises' scheme.

138.    The members of the RICO Enterprise carried out their scheme in different states, countries, and continents and could not have done so without the use of interstate and foreign wires. Moreover, in furtherance of their scheme, the members of the RICO Enterprise communicated amongst themselves and with Plaintiffs in furtherance of the scheme to defraud

their victim-clients. These communications were typically transmitted by wire (i.e. electronically).

139.    Defendants' predicate acts constitute a course of conduct spanning a period of at least 2019 through 2022, and may be ongoing, with the intent to obtain money through false representations, fraud, deceit and other unlawful means.

140.    The RICO Enterprise engages in and affects interstate commerce, including, but not limited to, in the State of Florida, the State of Maryland, and the Commonwealth of Pennsylvania, as well as overseas. Upon information and belief, the RICO Enterprise also engages in and affects interstate commerce in the State of Michigan and the State of Missouri.

141.    As a result of the RICO Enterprise's pattern of racketeering activities, the RICO Enterprise defrauded Plaintiffs to their financial detriment.

142.    Pursuant to 18 U.S.C. § 1964, Plaintiffs are entitled to treble damages, reasonable attorneys' fees, and costs of suit for the violations committed.

## COUNT II
### Fraud
*Plaintiffs v. Defendants, ABC Capital Miami, LLC, 477 Management, LLC, 477 International Realty, LLC, Jay Walsh & Ricardo Scattolini*

143.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

144.    Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, by and through, Defendants, Jay Walsh and Ricardo Scattolini represented to Plaintiffs that they would sell four specific properties to Plaintiffs.

145.    Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, by and through, Defendants, Jay Walsh and Ricardo Scattolini represented to Plaintiffs that they had the authority to sell four specific properties to Plaintiffs.

146.    Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, by and through, Defendants, Jay Walsh and Ricardo Scattolini represented to Plaintiffs that in exchange for payment, Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC would:

a.   create an new entity to hold the investment properties;

b.   select and coordinate the purchase of the six properties for the newly created entity;

c.   coordinate a full renovation of the properties within sixty days of settlement on each property; and,

d.   manage all aspects of the Property, including rental, maintenance, taxes, and compliance with all applicable laws, regulations, and ordinances.

147.    Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, by and through, Defendants, Jay Walsh and Ricardo Scattolini explained that ABC Capital Miami, LLC guaranteed a return on investment in excess of nine percent per year.

148.    Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, by and through, Defendants, Jay Walsh and Ricardo Scattolini knew that the foregoing representations were false and misleading yet made the representations with the intent for Plaintiffs to rely thereupon.

149.    Plaintiffs justifiably depended upon the representations of Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, by and through, Defendants, Jay Walsh and Ricardo Scattolini to Plaintiffs' financial detriment.

**COUNT III**
**Breach of Contract / Corporate Veil Piercing**
*Plaintiffs v. Defendant, ABC Capital Baltimore, LLC, Jason "Jay" Walsh, Amir Vana, & Yaron Zer*

150.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

151.    On or about July 29, 2019, Plaintiff, Avelino Harbor LLC entered into a Real Estate Contract of Sale to purchase the Dudley Property from Defendant, ABC Capital Baltimore, LLC for $55,000. *See* Exhibit F.

152.    Despite paying the full $55,000 to Defendant, ABC Capital Baltimore, LLC, Defendant failed to effectuate the sale or transfer of the Dudley Property to Plaintiffs. *See* Exhibit H.

153.    Plaintiffs have been financially harmed by Defendant, ABC Capital Baltimore, LLC's breach of the foregoing contract.

154.    It is believed that discovery will reveal that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer intermingled the funds of Defendant, ABC Capital Baltimore, LLC with their own personal funds and operated Defendant, ABC Capital Baltimore, LLC as a slush fund thereby providing grounds for the corporate veil of operated Defendant, ABC Capital Baltimore, LLC to be pierced and that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer, as the members and operators of Defendant, ABC Capital Baltimore, LLC, to be held personally liable.

**COUNT IV**
**Breach of Contracts / Corporate Veil Piercing**
*Plaintiffs v. Defendant, ABC Management – Baltimore, LLC, Jason "Jay" Walsh, Amir Vana, & Yaron Zer*

155.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

156.    In 2019, Plaintiff, Avelino Harbor LLC entered into three contracts with Defendant, ABC Management - Baltimore, LLC for the full renovation of the Brooklyn Property, Dudley Property, and Jefferson Property. *See* Exhibits C, F, & L.

157.    Plaintiff, Avelino Harbor LLC paid Defendant, ABC Management – Baltimore, LLC the full amount due for the renovation of the Brooklyn Property, Dudley Property, Malcolm Property, and Jefferson Property.

158.    Defendant, ABC Management – Baltimore, LLC breached the foregoing contracts by failing to make any renovations to the Brooklyn Property, Dudley Property, Malcolm Property, and Jefferson Property to Plaintiffs' financial detriment.

159.    It is believed that discovery will reveal that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer intermingled the funds of Defendant, ABC Management - Baltimore, LLC with their own personal funds and operated Defendant, ABC Management - Baltimore, LLC as a slush fund thereby providing grounds for the corporate veil of operated Defendant, ABC Management - Baltimore, LLC to be pierced and that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer, as the members and operators of Defendant, ABC Management - Baltimore, LLC, to be held personally liable.

### COUNT V
**Breach of Contract / Corporate Veil Piercing**
*Plaintiffs v. Defendant, ABC Capital LTD, Jason "Jay" Walsh, Amir Vana, & Yaron Zer*

160.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

161.    On or about September 12, 2019, Plaintiff, Avelino Harbor LLC entered into a contract with Defendant, ABC Capital LTD for the full renovation of the Malcolm Property. *See* Exhibit I.

162.    Plaintiff, Avelino Harbor LLC paid Defendant, ABC Capital LTD the full amount for the renovation of the Malcolm Property.

163.    Defendant, ABC Capital LTD breached the foregoing contract by failing to make any renovations to the Malcolm Property.

164.    It is believed that discovery will reveal that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer intermingled the funds of Defendant, ABC Capital LTD with their own personal funds and operated Defendant, ABC Capital LTD as a slush fund thereby providing grounds for the corporate veil of operated Defendant, ABC Capital LTD to be pierced and that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer, as the members and operators of Defendant, ABC Capital LTD, to be held personally liable.

**<u>COUNT VI</u>**
**Breach of Contracts / Corporate Veil Piercing**
*Plaintiffs v. Defendant, ABC Management – Baltimore, LLC, Jason "Jay" Walsh, Amir Vana, & Yaron Zer*

165.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

166.    In 2019, Plaintiff, Avelino Harbor LLC entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the (i) Brooklyn Property; (ii) Dudley Property; and, (iii) Jefferson Property. *See* Exhibits D, G, & M.

167.    It is believed and therefore averred that Defendant, ABC Management - Baltimore, LLC received compensation for the management of the (i) Brooklyn Property; (ii) Dudley Property; and, (iii) Jefferson Property.

168.    However, despite contractually agreeing to manage the aforementioned properties, Defendant, ABC Management - Baltimore, LLC breached the foregoing contracts by failing to:

    a.  Take reasonable business steps to ensure the properties were leased during its management of the properties;

    b.  Take reasonable business steps to ensure the utilities used in the properties were paid;

    c.  Take reasonable business steps to preserve the condition of the properties;

    d.  Take reasonable steps to repair the properties;

35

     e.   Take reasonable steps to ensure the properties met minimum, applicable codes and ordinances; and,

     f.   Other breaches of the contracts as may be discovered during the course of this lawsuit.

169.    As a result of Defendant, ABC Management - Baltimore, LLC's breaches of the foregoing contracts, Plaintiffs have been financially harmed.

170.    It is believed that discovery will reveal that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer intermingled the funds of Defendant, ABC Management - Baltimore, LLC with their own personal funds and operated Defendant, ABC Management - Baltimore, LLC as a slush fund thereby providing grounds for the corporate veil of operated Defendant, ABC Management - Baltimore, LLC to be pierced and that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer, as the members and operators of Defendant, ABC Management - Baltimore, LLC, to be held personally liable.

## COUNT VII
### Breach of Contract / Corporate Veil Piercing
*Plaintiffs v. Defendant, ABC Capital Realty, LLC, Jason "Jay" Walsh, Amir Vana, & Yaron Zer*

171.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

172.    In 2019, Plaintiff, Avelino Harbor LLC entered into a Property Management Contract with Defendant, ABC Capital Realty, LLC concerning the Malcolm Property. *See* Exhibit J.

173.    It is believed and therefore averred that Defendant, ABC Capital Realty, LLC received compensation for the management of the Malcolm Property.

174.    However, despite contractually agreeing to manage the aforementioned properties, Defendant, ABC Capital Realty, LLC breached the foregoing contract by failing to:

a. Take reasonable business steps to ensure the properties were leased during its management of the properties;

b. Take reasonable business steps to ensure the utilities used in the properties were paid;

c. Take reasonable business steps to preserve the condition of the properties;

d. Take reasonable steps to repair the properties;

e. Take reasonable steps to ensure the properties met minimum, applicable codes and ordinances; and,

f. Other breaches of the contract as may be discovered during the course of this lawsuit.

175. As a result of Defendant, ABC Capital Realty, LLC's breaches of the foregoing contract, Plaintiffs have been financially harmed.

176. It is believed that discovery will reveal that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer intermingled the funds of Defendant, ABC Capital Realty, LLC with their own personal funds and operated Defendant, ABC Capital Realty, LLC as a slush fund thereby providing grounds for the corporate veil of operated Defendant, ABC Capital Realty, LLC to be pierced and that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer, as the members and operators of Defendant, ABC Capital Realty, LLC, to be held personally liable.

<u>**COUNT VIII**</u>
**Breach of Contracts / Corporate Veil Piercing**
*Plaintiffs v. Defendant, ABC Capital Baltimore, LLC, Jason "Jay" Walsh, Amir Vana, & Yaron Zer*

177. Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

178.    In 2019, Plaintiff, Avelino Harbor LLC entered into three contracts with Defendant, ABC Capital Baltimore, LLC that, *inter alia*, guaranteed rental payments for twelve months for the (i) Brooklyn Property; (ii) Dudley Property; and, (iii) Jefferson Property. *See* Exhibits C, F, & L.

179.    Defendant, ABC Capital Baltimore, LLC breached the three contracts by only making six such monthly payments to Plaintiffs' financial harm.

180.    It is believed that discovery will reveal that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer intermingled the funds of Defendant, ABC Capital Baltimore, LLC with their own personal funds and operated Defendant, ABC Capital Baltimore, LLC as a slush fund thereby providing grounds for the corporate veil of operated Defendant, ABC Capital Baltimore, LLC to be pierced and that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer, as the members and operators of Defendant, ABC Capital Baltimore, LLC, to be held personally liable.

<u>**COUNT IX**</u>
**Breach of Contract / Corporate Veil Piercing**
*Plaintiffs v. Defendant,* ABC Capital LTD*, Jason "Jay" Walsh, Amir Vana, & Yaron Zer*

181.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

182.    In 2019, Plaintiff, Avelino Harbor LLC entered into a contract with Defendant ABC Capital LTD that, *inter alia*, guaranteed rental payments for twelve months for Malcolm Property. *See* Exhibit I.

183.    Defendant, ABC Capital LTD breached the contract by only making six such monthly payments to Plaintiffs' financial harm.

184.    It is believed that discovery will reveal that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer intermingled the funds of Defendant, ABC Capital LTD with their own personal funds and operated Defendant, ABC Capital LTD as a slush fund thereby providing grounds for the corporate veil of operated Defendant, ABC Capital LTD to be pierced and that Defendants,

Jason "Jay" Walsh, Amir Vana, and Yaron Zer, as the members and operators of Defendant, ABC Capital LTD, to be held personally liable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, Philly Metro Builders, LLC, IPP USA, LLC, IPP- Baltimore, LLC, AGL Capital Investments, LLC, Stateside-Philly, LLC, 477 Management, LLC, 477 International Realty, LLC, as well as Individual-Defendants, Ricardo Scattolini, Jay Walsh, Amir Vana, Yaron Zer, and John Does 1-10, jointly and severally, in an amount in excess of $500,000, including all direct, compensatory, and consequential damages, plus statutory and punitive damages, attorney fees and costs, and such other and further relief as this Honorable Court deems necessary and just.

Respectfully Submitted,

**WEISBERG LAW**

*/s/ L. Anthony DiJiacomo, III*
Matthew B. Weisberg
PA Attorney Id. No.: 85570
L. Anthony DiJiacomo, III
PA Attorney Id. No.: 321356
7 S. Morton Avenue
Morton, PA 19070
O: (610) 690-0801
F: (610) 690-0880
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffices.com

**SCHAFKOPF LAW, LLC**

*/s/ Gary Schafkopf*
Gary Schafkopf
Attorney Id. No.: 83362
11 Bala Avenue
Bala Cynwyd, PA 19004
O: (610) 664-5200 Ext. 104
F: (888) 283-1334
gary@schaflaw.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**

| | | |
|---|---|---|
| **RICARDO OVED**, *et al.* | : | |
| | : | |
| v. | : | No.: 22-04345 |
| | : | |
| **ABC CAPITAL INVESTMENTS, LLC**, | : | |
| *et al.* | : | |

### CERTIFICATE OF SERVICE

I, L. Anthony DiJiacomo, III, Esquire, hereby certify that on this 23rd day of January 2025, a true and correct copy of the foregoing First Amended Complaint were served via ECF upon all counsel of record.

**WEISBERG LAW**

*/s/ L. Anthony DiJiacomo, III*
Matthew B. Weisberg, Esquire
L. Anthony DiJiacomo, III, Esquire
*Attorneys for Plaintiffs*
